IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-01887-PAB

WILLSOURCE ENTERPRISE, LLC,

    Plaintiff,

v.

INTERIOR BOARD OF LAND APPEALS,
RYAN ZINKE, in his official capacity as the Secretary of the Interior, and
UNITED STATES DEPARTMENT OF THE INTERIOR,

    Defendants; and

WILDERNESS WORKSHOP,

    Defendant-Intervenor.

---

# ORDER

---

This matter is before the Court on the Motion to Intervene [Docket No. 12] filed by Wilderness Workshop. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

Federal Rule of Civil Procedure 24 governs the intervention of non-parties. Under Rule 24(a)(2), non-parties may intervene in a pending lawsuit as of right if: "(1) the application is timely; (2) the applicants claim an interest relating to the property or transaction which is the subject of the action; (3) the applicants' interest may as a practical matter be impaired or impeded; and (4) the applicants' interest is not adequately represented by existing parties." *Western Energy Alliance v. Zinke*, 877

F.3d 1157, 1164 (10th Cir. 2017) (brackets omitted).[1]  "Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion to intervene as a matter of right."  *Maynard v. Colo. Supreme Court Office of Attorney Regulation Counsel*, No. 09-cv-02052-WYD-KMT, 2010 WL 2775569, at *3 (D. Colo. July 14, 2010) (quoting *Commodity Futures Trading Comm'n v. Heritage Capital Advisory Servs., Ltd.*, 736 F.2d 384, 386 (7th Cir. 1984)).

If a non-party is not entitled to intervention as of right, it may seek permissive intervention under Federal Rule of Civil Procedure 24(b).  Permissive intervention is allowed if (1) the motion to intervene is timely and (2) the non-party "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  "The decision to grant or deny a motion for permissive intervention is wholly discretionary with the district court."  *Maynard*, 2010 WL 2775569, at *4 (quoting *South Dakota ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003)).

Wilderness Workshop seeks to intervene as a defendant as of right or, in the alternative, by permission.  Docket No. 12 at 1.  Wilderness Workshop claims that it has a protectable interest because reinstating the oil and gas leases at issue "would harm Wilderness Workshop members' environmental, recreational, and economic interests in the Thompson Divide [area of the White River National Forest in Colorado] and

---

[1] Federal Rule of Civil Procedure 24(a)(1) allows for intervention as of right where the non-party "is given an unconditional right to intervene by a federal statute." Rule 24(b)(1) also allows for permissive intervention if a non-party "is given a conditional right to intervene by a federal statute." However, Wilderness Workshop does not assert a right to intervene under any federal statute.

2

undermine more than a decade of efforts by Wilderness Workshop to protect the area from oil and gas development." *Id*. at 2. As evidence of its members' interest, Wilderness Workshop has submitted declarations from its members explaining their connections to the Thompson Divide area. *See* Docket Nos. 12-1, 12-2, 12-3, 12-4; *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010) ("With respect to Rule 24(a)(2), we have declared it 'indisputable' that a prospective intervenor's environmental concern is a legally protectable interest." (quoting *San Juan County v. United States*, 503 F.3d 1163, 1199 (10th Cir. 2007) (en banc))).

Plaintiff does not oppose intervention so long as Wilderness Workshop's intervention is limited in certain ways listed in plaintiff's response to the motion to intervene. Docket No. 13 at 1-2, ¶¶ 1-6. Plaintiff has indicated that both Wilderness Workshop and the defendants have agreed to these conditions. *Id.* at 1. Since Wilderness Workshop filed its motion to intervene, briefing has proceeded in accordance with plaintiff's conditions for unopposed intervention. *See* Docket Nos. 33, 34.

The Court finds that Wilderness Workshop satisfies the four conditions for intervention as of right pursuant to Fed. R. Civ. P. 24(a)(2). Wilderness Workshop's motion was timely, it has shown an interest in whether the oil and gas leases should be renewed, that interest could be impeded if the leases are renewed, and its interests are distinct from those of the defendants named in the complaint. *See Western Energy Alliance*, 877 F.3d at 1168 (holding that "the possibility of divergence of interest need not be great in order" for the intervenors to show that their interests are not adequately

3

represented). Therefore, the Court will grant the motion to intervene. Accordingly, it is

**ORDERED** that the Motion to Intervene [Docket No. 12] filed by Wilderness Workshop is **GRANTED**.

DATED September 5, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge